[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO DEFENDANT'S JURY CLAIM
The plaintiff, Middlesex Mutual Assurance Co., is seeking a declaratory judgment to determine whether it has a duty to defend and indemnify one of the defendants, Gerald Casiello, under a homeowner's liability insurance policy.[1] The named defendant, Lisa Fritz, is the plaintiff in an underlying action in which she alleges intentional assault and battery; wanton, wilful and malicious assault and battery; intentional infliction of emotional distress; negligent infliction of emotional distress; and negligence against Casiello. Casiello has claimed a trial by jury, and Middlesex has filed an objection.
General Statutes § 52-215 states in pertinent part that "[a]llissues of fact in any such case shall be tried by the jury. . . ." (Emphasis added.) "[T]he construction of an insurance contract presents a question of law. See Peerless Ins. Co. v. Gonzalez, 241 Conn. 476, 483,697 A.2d 680 (1997). Moreover, [u]nlike certain other contracts . . . where . . . the intent of the parties and thus the meaning of the contract is a factual question subject to limited appellate review . . . construction of a contract of insurance presents a question of law . . . which this court reviews de novo. Imperial Casualty Indemnity Co. v.State, 246 Conn. 313, 325, 714 A.2d 1230 (1998)." (Internal quotation marks omitted.) Wallingford v. Reliance Ins. Co., Superior Court, judicial district of New Haven, Docket No. CV 99 0420955 (January 13, 2000, Silbert, J.).
The plaintiff's objection to Casiello's jury claim is therefore sustained.
Jonathan E. Silbert, Judge